IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **PATRICK NEAL ANDERSON,** | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CIVIL ACTION NO. 11-00061-WS-B |
| | * |
| **MICHAEL J. ASTRUE,** | * |
| Commissioner of Social Security, | * |
| | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Response to Order to Supplement and Motion to Remand. (Doc. 22). This Motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(3). Upon consideration of all matters presented, the undersigned recommends that Defendant's motion be **GRANTED**, and that this action be remanded to the Commissioner of Social Security for further administrative action[1].

According to 42 U.S.C. § 405(g), "[t]he court may, on motion of

---
[1] Also pending before the Court is Defendant's Motion to Dismiss (Doc. 12) and Plaintiff's Motion for Default Judgment (Doc. 16). Defendant's Motion to Dismiss is rendered moot in light of Defendant's Motion to Remand. Additionally, Plaintiff's Motion for Default Judgment is due to be denied because Plaintiff has wholly failed to establish that he is entitled to entry of default in this case.

1

the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security[.]" 42 U.S.C. § 405(g). In his Motion, the Commissioner seeks remand because the claim file of Plaintiff's adverse 2004 administrative decision has not been located. The Commissioner requests that this case be remanded to the Appeals Council so that the claim file can be located or reconstructed regarding the adverse 2004 Administrative Law Judge decision. (Doc. 22 at 1).

The three components of 42 U.S.C. § 405(g), which are pertinent to this matter, must be satisfied before this Court can consider a remand: namely, there must be 1) a motion by the Commissioner; 2) made for good cause shown, and 3) before the filing of an answer. In this case, the instant motion was filed before any answer by the Commissioner; thus, the only issue before the Court is whether the Commissioner has demonstrated good cause. The legislative history of the Joint Conference Committee of Congress in reporting upon the Social Security Disability Amendments of 1980, reflects that the Committee discussed situations which may constitute "good cause" for remand and observed that:

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be

> located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record . . . .

H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980).

Here, the Commissioner's pre-answer concession that this case should be remanded to allow the Appeals Council to locate or reconstruct the claim file regarding the Administrative Law Judge's June 25, 2004 decision constitutes good cause to remand this case to the Commissioner for further proceedings. See, e.g., Gamble v. Apfel, 2001 WL 102344 (S.D. Ala. Jan. 5, 2001); Patt v. Apfel, 1999 U.S. Dist. LEXIS 14102, *2-3 (S.D. Ala. Jun. 22, 1999).

In entering sentence six remands, the courts "[do] not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163, 115 L. Ed. 2d 78 (1991). Accordingly, Plaintiff is not a prevailing party for purposes of the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412. See Shalala v. Schafer, 509 U.S. 292, 297-298 and 300-302, 113 S. Ct. at 2629 and 2631-2632 (1993); Melkonyan, 501 U.S. at 102, 111 S. Ct. at 2165 (holding that "[i]n sentence six cases, the [EAJA] filing period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs[]").

Wherefore, upon consideration of all matters presented, and for good cause shown, the undersigned Magistrate Judge **RECOMMENDS** that

Defendant's Motion to Remand be **GRANTED** and this cause remanded to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for action consistent with Defendant's Motion to Remand.

The attached sheet contains important information regarding objections to this Report and Recommendation.

DONE this **11th** day of **October, 2011.**

                                  **/s/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)©; and Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[2] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.** Any opposing party may submit a brief opposing the objection within fourteen (14) days

---

[2] The Court's Local Rules were amended to reflect the new computations of time as set out in the amendments to the Federal Rules of Practice and Procedure, effective December 1, 2009.

of being served with a copy of the statement of objection.  See Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.     **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                              **/s/ SONJA F. BIVINS**
                                              **UNITED STATES MAGISTRATE JUDGE**