IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PATRICK NEAL ANDERSON,           *
                                 *
    Plaintiff,                   *
                                 *
vs.                              *   CIVIL ACTION 11-00061-WS-B
                                 *
MICHAEL J. ASTRUE,               *
Commissioner of                  *
Social Security,                 *
                                 *
    Defendant.                   *

## REPORT AND RECOMMENDATION

This action, which is before the Court on Plaintiff Patrick Neal Anderson's Motion for Leave to Proceed In Forma Pauperis on Appeal (Doc. 28), was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b). Based upon a careful review of Plaintiff's Motion, and the case file, the undersigned finds that Plaintiff's appeal is not taken in good faith, and therefore recommends that Plaintiff's Motion be denied pursuant to 28 U.S.C. § 1915(a)(3).

Plaintiff, who is proceeding *pro se*, paid the filing fee when he initiated this action on September 11, 2009 (Doc. 1). In this action, Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying his claim for disability income benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., and 1381 et seq. The Commissioner filed a motion

requesting a remand pursuant to sentence six of 42 U.S.C. § 405(g) because the claim file for Plaintiff's adverse 2004 administrative decision could not be located. (Doc. 22). Thus, the Commissioner sought to have this case remanded to the Appeals Council so that the claim file could be located or reconstructed regarding the adverse 2004 Administrative Law Judge decision. The undersigned found that the Commissioner's pre-answer concession that this case should be remanded to allow the Appeals Council to locate or reconstruct the claim file regarding the Administrative Law Judge's June 25, 2004 decision constituted good cause to remand this case to the Commissioner for further proceedings. See, e.g., Gamble v. Apfel, 2001 WL 102344 (S.D. Ala. Jan. 5, 2001); Patt v. Apfel, 1999 U.S. Dist. LEXIS 14102, *2-3 (S.D. Ala. Jun. 22, 1999). Accordingly, the undersigned recommended that this case be remanded to the Appeals Council. (Doc. 23). Plaintiff filed an Objection to the recommendation; however, he did not provide any basis for his objection. (Doc. 24) Upon review by the district court, Plaintiff's Objections was overruled, the recommendation was adopted, and judgment was entered remanding this case to the Appeals Council. (Docs. 25, 26).

Subsequent thereto, Plaintiff filed a Notice of Appeal(Doc. 27)[1], and a Motion to Proceed Without Prepayment of Fees. (Doc. 28). As a threshold matter, the undersigned notes that Plaintiff has not demonstrated that he is unable to pay the requisite filing fee. He paid the $350.00 filing fee when he initiated this action, and in his motion, he avers that he does not have any financial obligations, and that he receives an unspecified amount monthly in veterans' benefits[2]. Thus, Plaintiff has not established that he is unable to pay the appellate filing fee.

Additionally, he cannot establish that this appeal is taken in good faith. In Forma Pauperis proceedings are governed by 28 U.S.C. § 1915. In Forma Pauperis status should be granted where the appellant is indigent unless "the trial court certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. § 1915(a)(1),(3). A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when

---

[1] Fed.R.App.P.24(a)(1) provides:

    Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that (A) shows in the detail prescribed by the Form 4 of the Appendix of Forms that the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal.

[2] In his motion, Plaintiff indicates that he lives with his parents and that his veterans' benefits are being increased from 80% to 100%.

examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S.Ct. 917, 921, 8 L.Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." Ghee v. Retailers Nat'l Bank, 271 Fed. Appx. 858, 860 (11th Cir. 2008)(citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)). In other words, an in forma pauperis action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). When a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. Ghee, 271 Fed. Appx. at 859 (citing Cofield v. Alabama Pub. Serv. Comm'n, 936 F. 2d 512, 515 (11th Cir. 1991)).

In his Objection to the District Court, and his Notice of Appeal, Plaintiff merely alleges that he disagrees with the decision to remand this case to the Appeals Council so that the record can be reconstructed or a new hearing conducted. Plaintiff does not provide any arguable basis, legal or factual, for his contention that this case should not have been remanded to the Appeals Council. Because the record is devoid of anything which suggests that Plaintiff is seeking to raise on appeal an issue that is arguable, the undersigned finds that Plaintiff's appeal is not taken in good faith. Accordingly, the undersigned recommends that Plaintiff's Motion be denied, and that the

District Court certify that Plaintiff's appeal is not taken in good faith.

DONE this **4th** day of **November, 2011**.

                                        **/s/SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**